COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


ANTHONY T. ALSTON

                                    MEMORANDUM OPINION* BY
v.    Record No. 2382-00-1         JUDGE ROBERT J. HUMPHREYS
                                        SEPTEMBER 25, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Dean W. Sword, Jr., Judge

          Joseph R. Winston, Special Appellate Counsel
          (Public Defender Commission, on brief), for
          appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Anthony T. Alston appeals his convictions, after a bench

trial, for statutory burglary and grand larceny.  Alston

contends that the trial court erred in denying his motion to

suppress his statement, which he argues was the result of a

custodial interrogation wherein he was refused his right to

representation.  Finding no error, we affirm his convictions.

     During the early morning hours of February 12, 2000, Alston

broke into the Tidewater Feed and Seed Store and stole seven

"leather studded spiked dog collars."  Each collar had a minimum

value of $35.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On April 21, 2000, Alston was arrested for another burglary and grand larceny that occurred on March 22, 2000 at the One Stop Pet Shop.  He requested and was appointed counsel for these charges during his April 22, 2000 arraignment, and was retained in custody.

On May 9, 2000, Detectives M.B. Logwood and Al Donker of the Portsmouth Police Department removed Alston from jail and took him to the detective bureau.  After arriving at the bureau, the detectives advised Alston of his Miranda rights.  Alston waived his rights and agreed to speak with the detectives.  Detective Logwood informed him that they wanted to interview him "in reference to a couple of [additional] burglaries that had occurred in the city."  As a result of the questioning, Alston confessed to burglarizing the Tidewater Feed and Seed Store in February of 2000.  He gave a written statement, as well as a taped oral statement.  At no time during the questioning did he indicate that he was represented by counsel, nor did he request counsel.  The detectives were unaware that Alston had been appointed counsel for the charges related to the March 22 burglary.

At trial, Alston moved to suppress his statement arguing that it had been given in violation of his right to legal counsel.  Specifically, Alston argued that since he had requested appointed representation for the charges related to the March 22 burglary, he had invoked his right to counsel for

-

purposes of not only those particular charges, but also for any other unrelated charges for which police might want to question him. The trial court denied Alston's motion, noting that there was no evidence Alston had invoked his Fifth Amendment right to counsel for either set of charges. Thus, the court found that Alston's initial request for appointed counsel on the unrelated charges fell within the Sixth Amendment, which does not apply to other offenses that may come to the attention of police.

> On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it. The findings of the trial court will not be disturbed unless plainly wrong or without evidence to support them. When reviewing the trial court's denial of a defendant's motion to suppress evidence, "[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error."

McCloud v. Commonwealth, 35 Va. App. 276, 280-81, 544 S.E.2d 866, 868 (2001) (quoting McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc)).

We find no error in the trial court's determination that Alston failed to invoke his Fifth Amendment right to counsel for the March 22 charges. Thus, his request for counsel at

-

arraignment for those charges would have fallen within the constitutional protection afforded by the Sixth Amendment.[1]

The Sixth Amendment right to counsel is "offense specific." See Texas v. Cobb, 121 S. Ct. 1335 (2001). Therefore, "'[i]t cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" Id. at 1340 (quoting McNeil v. Wisconsin, 501 U.S. 171, 175 (1991)).

Although it is true that "when the Sixth Amendment right to counsel attaches, it does encompass offenses that, even if not formally charged, would be considered the same offense under the Blockburger test," there was no evidence to suggest that Alston's burglary of the Tidewater Feed and Seed Store on February 12, 2000 was a result of the "same act or transaction" as his later burglary of the One Stop Pet Shop on March 22, 2000. Id. at 1343; see also Blockburger v. United States, 284 U.S. 299, 304 (1932). Accordingly, the protection afforded Alston by the Sixth Amendment extended only to the charges and proceedings concerning the March 22 burglary, and did not extend to bar police from properly questioning him concerning the unrelated matter of the February burglary of the Tidewater

---

[1] Indeed, on appeal, Alston does not maintain that his Fifth Amendment rights were violated.

-

Feed and Seed Store.  Thus, we affirm the decision of the trial court.

<u>Affirmed</u>.
